**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:17-CR-83** |
| | : | |
| **v.** | : | |
| | : | **(JUDGE WILSON)** |
| | : | |
| **EDWARD LEE McDOWELL, III,** | : | |
| **DEFENDANT** | : | **(ELECTRONICALLY FILED)** |

## SENTENCING MEMORANDUM

On October 8, 2020, the Defendant, Edward Lee McDowell, III, will stand before this Honorable Court for sentencing following a guilty plea on August 10, 2018,  to one (1) count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) and one (1) count of Distribution and Possession with Intent to Distribute Heroin in violation of 21 U.S.C. § 841(a)(1).  The United States Probation Office, through Officer Rebekah L. Billings, filed a Presentence Investigation Report that set Mr. McDowell's total offense level at 23, his criminal history category at V, and his recommended sentencing guideline range at 84 to 105 months.  Objections were filed to the draft Presentence Report.  However, those objections were resolved in the preparation of the final Presentence Report and the defendant agrees that his offense level and sentencing guideline range are correct.

### REQUESTS FOR DEPARTURE AND VARIANCE PURSUANT TO § 3553(A) FACTORS

A variance outside the sentencing guideline range should occur after considering requests for a departure[1].  Mr. McDowell is requesting a departure under USSG § 4A1.3(b).

---

[1] *See* the June 2016 Primer on ***Departures and Variances*** published by the United States Sentencing Commission.

The Defendant argues that a downward departure is warranted because reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of his criminal history.  In this case, Mr. McDowell has been designated as a criminal history category 5 based on the accumulation of 11 criminal history points.  However, six (6) of those criminal history points come from juvenile adjudications.  Mr. McDowell has one adult conviction which resulted in 3 points.  He received an additional 2 points for being on parole supervision during the period contemplated in his Indictment.  Thus, more than half of his criminal history points came from his juvenile teenage years and his five (5) points earned as an adult essentially stem from one conviction.  As such, it is believed and argued that his criminal history category of V substantially over-represents the seriousness of his criminal history based on the following illustration:

|  | CHC III (5 pts as an adult) | CHC V (11 pts total) |
|---|---|---|
| Offense Level 23 | 57 – 71 mos | 84 – 105 mos |

As a result, the defendant asks this Honorable Court to consider a downward departure of 27 months or 4 levels if sentencing the defendant under Criminal History Category V.

Mr. McDowell also requests this Honorable Court to consider sentencing variances. Variances are not subject to the same guideline analysis for departures[2].

---

[2] *Id.*

*THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT PURSUANT TO SECTION 3553(A)(1).*

Edward Lee McDowell, III, was born November 8, 1996, in York, Pennsylvania.  He is currently 23 years old.  Mr. McDowell's childhood upbringing could be best described as good until his parents separated.  Mr. McDowell was 14 years old when his parents separated.  Within a couple of years of his parents separating Mr. McDowell began getting into trouble and finding himself under the jurisdiction of the juvenile justice system.  Anecdotally it appears that Mr. McDowell turned to the "streets" in search of a stable male figure in his life.  Instead of nurturing and guidance he encountered a life influenced by the drug trade and violence.

Mr. McDowell, somewhat surprisingly, does not have a history of drug or alcohol abuse.  He self-reported trying alcohol and marijuana on a few occasions.  Due to a heart condition – specifically a residual ventricular septal defect and trivial subaortic stenosis – which required multiple procedures as a juvenile he did not engage in systemic drug and alcohol usage.

Mr. McDowell has never been married.  However, he has been with Tracey Davis since 2012 and they have one child together.  Mr. McDowell has a strong support system including Ms. Davis, their child, his parents and several siblings that all live in and around central Pennsylvania.

Though argued above for a departure, Mr. McDowell would also ask the Court to consider that his designation as a criminal history category 5 is based on the accumulation of 11 criminal history points where six (6) of those criminal history points come from juvenile adjudications.  Mr. McDowell has one adult conviction which earned him five (5) points based on three (3) coming from the conviction/sentence and two (2) coming from him being on parole during the time of the Indictment period.  As such, it is believed and argued that his criminal history category of V substantially over-represents the seriousness of his criminal history based on the following illustration:

| | CHC III (5 pts as an adult) | CHC V (11 pts total) |
|---|---|---|
| **Offense Level 23** | **57 – 71 mos** | **84 – 105 mos** |

Mr. McDowell would ask this Honorable Court to consider a variance of 27 months.


**THE NEED FOR THE SENTENCE IMPOSED TO REFLECT THE SERIOUSNESS OF THE OFFENSE, TO PROMOTE RESPECT FOR THE LAW, AND THE PROVIDE JUST PUNISHMENT FOR THE OFFENSE; TO AFFORD ADEQUATE DETERRENCE TO CRIMINAL CONDUCT; TO PROTECT THE PUBLIC FROM FURTHER CRIMES OF THE DEFENDANT; AND TO PROVIDE THE DEFENDANT WITH NEEDED EDUCATIONAL OR VOCATIONAL TRAINING, MEDICAL CARE OR OTHER CORRECTIONAL TREATMENT IN THE MOST EFFECTIVE MANNER PURSUANT TO SECTION 3553(A)(2).**


Mr. McDowell acknowledges his criminal history has resulted in his classification as a Category V offender.  The advisory guideline sentencing range is 84 to 105 months.  While requests have been made for a departure and variance it is believed that whatever sentence is imposed by the Court will reflect the seriousness of the offense and provide just

punishment for the offenses.  However, the Court could also depart or vary from the guidelines without diminishing the seriousness of the offenses, respect for the law and need to impose a fair and just punishment.  The Defendant was only 20 years old at the time he was Indicted.  At that time the most significant punishment he had received was a county sentence of 7 to 23 months in a county facility.  He has been in jail since February 17, 2017, which at the time of sentencing will amount to 1,330 days or nearly 44 months.

### THE KIND OF SENTENCES AVAILABLE PURSUANT TO SECTION 3553(A)(3)

The defendant is not eligible for a probationary sentence.

### THE GUIDELINE SENTENCE AND ANY PERTINENT POLICY STATEMENT ISSUED BY THE SENTENCING COMMISSION PURSUANT TO SECTIONS 3553(A)(4)-(5)

Mr. McDowell's criminal history has resulted in his classification as a Category V offender.  The advisory guideline sentencing range is 84 to 105 months.  However, as argued above, Mr. McDowell has been designated as a criminal history category 5 based on the accumulation of 11 criminal history points.  However, six (6) of those criminal history points come from juvenile adjudications.  Mr. McDowell has one adult conviction which resulted in 3 points.  He received an additional 2 points for being on parole supervision during the period contemplated in his Indictment.  Thus, more than half of his criminal history points came from his juvenile teenage years and his five (5) points earned as an adult essentially stem from one conviction.  As such, it is believed and argued that his

criminal history category of V substantially over-represents the seriousness of his criminal history based on the following illustration:

|  | CHC III (5 pts as an adult) | CHC V (11 pts total) |
|---|---|---|
| Offense Level 23 | 57 – 71 mos | 84 – 105 mos |

Mr. McDowell has been incarcerated since February 17, 2017, when he was arrested on local charges that were adopted as part of this Indictment.  As of October 8, 2020, he will have been incarcerated for 1,330 days or 43 months and 22 days.  Mr. McDowell seeks credit for this time towards the ultimate sentence imposed.

**THE NEED TO AVOID UNWARRANTED DISPARITY AMONG DEFENDANTS WITH SIMILAR RECORDS WHO HAVE BEEN FOUND GUILTY OF SIMILAR CONDUCT PURSUANT TO SECTION 3553(A)(6)**

On August 13, 2018, Quran Smallwood pled guilty to two (2) counts in the Indictment. Mr. Smallwood was sentenced to a total of 72 months confinement.

Mr. McDowell, for the reasons outlined in this memo and for the reasons to be argued in court, requests a time-served sentence.

**THE NEED TO PROVIDE RESTITUTION TO ANY VICTIMS OF THE OFFENSE PURSUANT TO SECTION 3553(A)(7)**

No restitution has been requested.

## CONCLUSION

Edward Lee McDowell, III, stands before the Court requesting a time-served sentence based on the arguments presented herein and to be made in court on October 8, 2020.

Respectfully Submitted,

By:   *Korey Leslie, Esq.*

Korey Leslie, Esquire
*Korey Leslie, Attorney-at-Law,*
*A Limited Liability Company*
PA BAR ID No. 90866
17 N. Duke Street
York, PA 17401-1207
Phone: (717) 845-5353
Fax: (717) 845-5005

Date:  October 6, 2020

Email: korey@koreyleslie.com